IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENNIS SNYDER and AUDRA SNYDER, )
)
                    Plaintiffs, )
)
v. ) Case No. 08-4094-SAC
)
THE AMERICAN KENNEL CLUB, )
)
                    Defendant. )
)

## **ORDER**

This matter comes before the court upon plaintiffs' Motion to Amend (Doc. 31). In response, defendant filed Defendant's Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 33), to which plaintiffs have replied (Doc. 36). Therefore, the issues are now joined and ready for disposition.

**I.     Relevant Factual Background**

Plaintiffs are professional dog show handlers whose American Kennel Club (AKC) privileges have been suspended for a period of ten years. Plaintiffs filed their original complaint on July 30, 2008, in the District Court of Shawnee County, Kansas. Originally, plaintiffs alleged the AKC violated their common law due process rights under New York law, made arbitrary and capricious evidentiary findings which led to plaintiffs' suspensions, and defamed plaintiffs when the AKC published the plaintiffs' suspensions. Defendant removed the action to this court on August 8, 2008, based on diversity jurisdiction.

Plaintiffs filed their Amended Complaint on August 26, 2008 wherein they sought

1

punitive damages and alleged: 1) intentional interference with contractual rights because the AKC failed to follow its own rules pertaining to discipline by not having the Event Committee initially investigate the alleged incident which led to plaintiffs' suspensions; 2) intentional interference with contractual rights because the AKC's decision as to Dennis Snyder was not supported by substantial competent evidence; 3) intentional interference with contract rights because the AKC's decision as to Audra Snyder was not supported by any evidence; and 4) libel, based on defendant's publication of its decision to suspend plaintiffs from all AKC privileges.

On September 10, 2008, defendant filed a motion to dismiss, or in the alternative, for summary judgment. Defendant argued that plaintiffs had failed to articulate short and plain statements for relief as required by Fed. R. Civ. P. 8(a)(2), and also failed to state claims upon which relief may be granted pursuant to Fed. R. Civ. P 12(b)(6). Defendant also contended plaintiffs' Claims for Relief I through III are time barred.

Plaintiffs ultimately filed the current Motion to Amend (Doc. 31) on October 14, 2009. On the same date, plaintiffs filed their response to defendant's motion to dismiss. In their motion, plaintiffs seek leave to amend their pleadings to cure any alleged deficiencies in their Amended Complaint. The proposed amendment also narrows plaintiffs' allegations to two claims – intentional interference with the plaintiffs' contractual rights with others and defamation.

## II.    Parties' Contentions

Plaintiffs argue their amendment should be granted as the federal rules require that leave to amend "shall be freely given when justice so requires."[1] Plaintiffs state that they should be

---

[1] Fed. R. Civ. P. 15(a).

given the opportunity to test their claims on the merits.  Moreover, they believe the amendment should be granted as it seeks to clarify plaintiffs' allegations and reduces the claims for relief sought by plaintiffs.  Further, plaintiffs contend that defendant will not be unduly prejudiced by the amendment as the case is still in its early stages. Likewise, plaintiffs argue defendant cannot show bad faith, dilatory tactics or delay which could warrant denial of the instant motion.  Finally, plaintiffs maintain their proposed amendment would survive a motion to dismiss, and therefore is not futile.

Defendant contends that plaintiffs have failed to show good cause for the proposed amendment as they are simply attempting to avoid an adverse ruling on defendant's currently pending motion to dismiss.  Defendant also states that the allegations plaintiffs wish to add were known to them at the time of the original and amended complaints.  Therefore, defendant believes plaintiffs have employed sandbagging and dilatory tactics that are alone sufficient cause to deny the amendment.

Defendant also maintains plaintiffs' amendment would be futile as plaintiffs' new allegations do nothing to counter the arguments defendant has made in favor of dismissal.  First, plaintiffs seek to add allegations concerning AKC employee Tom Glassford, which defendant contends do not support plaintiffs' contentions of malice as the allegations do not link Mr. Glassford to plaintiffs' suspensions.  Plaintiffs' Second Amended Complaint also identifies the exact publication plaintiffs claim to be defamatory.  Defendant argues this addition is without consequence as the statements were true and defendant was privileged to publish them, thus the publication is not defamatory.  Defendant also claims that plaintiffs' claim for tortious interference would still fail as plaintiffs have failed to allege the existence, or defendant's

awareness, of any particular contracts or business relations affected by AKC's suspension.

**III.    Discussion**

Fed. R. Civ. P. 15 controls the procedure for amending pleadings. Because plaintiffs have amended once as a matter of right, now they "may amend ... only by leave of court or written consent of the adverse part[ies]; and leave shall be freely given where justice so requires."[2] Defendant AKC has filed a response in opposition to plaintiffs' motion (Doc. 333) to which plaintiffs have replied (Doc. 36). Thus, consent is not an issue. It therefore falls to the court to determine if leave to amend should be granted under the circumstances presented.

The decision to grant leave to amend lies within the discretion of the trial court.[3] Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.[4]

After careful review of the record, the court fails to find plaintiffs' actions have caused any undue delay. Plaintiffs filed their instant motion less than three months after the lawsuit began. Moreover, as a scheduling order has yet to be entered in the case, the parties are still in the early stages of litigation and no deadline for amending the pleadings has been set by the court. The court notes that because no such deadline has been set, and therefore has yet to pass, the plaintiffs are not required to show good cause for granting a motion to amend the pleadings,

---

[2] Fed. R. Civ. P. 15(a).

[3] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

[4] *Id.*

as defendant contends.[5]  Rather, the court is guided by the plain meaning of Rule 15, that leave should be freely given as justice so requires.

Likewise, the court finds no undue prejudice in permitting amendment at this time. While the court recognizes that granting the instant motion may require defendant to file a revised motion to dismiss based upon the Second Amended Complaint, the court finds that this burden is outweighed by the desire of the court to decide cases on their merits, rather than procedural technicalities.  The court can only deduce that any future motion to dismiss would contain substantially similar arguments to the motion currently pending, and therefore, not all of defendants work will be for naught.  This being said, the court cautions plaintiffs that any further amendment would require an extremely strong showing pursuant to Rule 15.  The parties, as well as the court, have exerted substantial time and resources on the original petition and the amended complaint.  Such will also be true for the Second Amended Complaint.

The court also fails to find that plaintiffs have acted in bad faith.  Courts have been unwilling to grant leave to amend when a plaintiff seeks to add factual allegations or claims for relief at the end of discovery or after existing claims have been dismissed.[6]  Such is not the case here.  Plaintiffs amended their original petition once as a matter of right.  In the instant request, plaintiffs seek leave to amend to add limited factual allegations and to reduce their claims of

---

[5] *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990) (When a motion to amend is filed after the deadline established in the Scheduling Order, the moving party must show good cause for allowing the amendment out of time.)

[6] *Woolsey v. Marion Labs, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (The court denied leave to amend when the motion came 17 months after the original complaint and sought to add additional causes of action); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (The court held plaintiff was not entitled to amend his complaint after his existing claims were dismiss pursuant to an adverse summary judgment ruling.).

relief to intentional interference with the plaintiffs' contractual rights with others and defamation. As stated above, this request comes in the early stages of litigation and all parties will have ample opportunity to conduct discovery on all issues and draft dispositive motions accordingly.

Finally, the court declines to find that plaintiffs proposed amendments are futile. A court may deny a proposed amendment on the basis of futility if the "amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted;"[7] Therefore, the court "must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."[8] "The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims."[9]

"The court will dismiss a cause of action under Rule 12(b)(6)[, and thus deny an amendment on the basis of futility,] only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, or when an issue of law is dispositive."[10] Plaintiff's proposed amended complaint alleges facts to support the elements of the claims it contains. Plaintiffs have added factual allegations regarding Mr. Glassford that may, or may not, establish actual malice as required for plaintiffs'

---

[7] *Stewart*, 216 F.R.D. at 664 (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990)).

[8] *Id*. (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001).

[9] *Id.* at 665 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

[10] *Id.* at 664 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998)).

intentional interference claim to succeed.  Mr. Glassford was an AKC employee at the time of plaintiffs' suspensions and associated with those who participated in the disciplinary hearing. Also, plaintiffs clarify their defamation claim by including the exact publication they contend is defamatory.  "The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff."[11] This court declines to reach the merits of defendant's arguments for dismissal, at this time. Rather, the court finds it more appropriate for the District Court to analyze such issues after they are properly before the court by way of a revised motion to dismiss.  This course of action will allow full briefing on the issues arising from plaintiffs' Second Amended Complaint.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Amend (Doc. 31) is hereby granted.

**IT IS FURTHER ORDERED THAT** counsel for plaintiffs shall file and serve its Second Amended Complaint within 7 days of entry of this order, on or before February 25, 2009.

**IT IS SO ORDERED**.

Dated this 18th day of February, 2009, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[11] *Id.* at 664-65 (citing *Intercon, Inc. v. Bell Atlantic*, 205 F.3d 1244, 1247) (10th Cir. 2000)).